# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUIS TARANGO,<br><br>    Plaintiff,<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.,<br><br>    Defendant. | Case No. 2:24-cv-01898-RFB-EJY<br><br>ORDER |

Before the Court are Plaintiff Luis Tarango's Motion to Remand (ECF No. 3) and Motion for Sanctions (ECF No 16). Defendant Smith's Food & Drug Centers, Inc. ("Smith's") opposes. For the following reasons, the Court grants Plaintiff's motion to remand and denies his motion for sanctions as moot.

### I.   PROCEDURAL AND FACTUAL HISTORY

This case arises from a personal injury accident that allegedly occurred on June 5, 2024, at Defendant Smith's store at 9710 West Skye Canyon Park Drive in Las Vegas, Nevada. Plaintiff Luis Tarango alleges that he was hit in the back by a Smith's employee who was pushing a stack of shopping carts on the premises, causing him physical injury.

Plaintiff Luis Tarango filed his complaint in Nevada's Eighth Judicial District Court on August 14, 2024. See ECF No. 1-1. On September 10, Defendant answered the Complaint. On September 11, Plaintiff filed a Request for Exemption from Arbitration in the state district court. This exemption was granted on September 30. Defendants then removed the case on October 11, 2024. See ECF No. 1. Plaintiff filed the instant Motion to Remand on October 14, 2024. See ECF No. 3. The Motion was briefed by October 30, 2024. See ECF Nos. 7, 8. The Court's Order

follows.

## II.  LEGAL STANDARD

Removal of a state action may be based on either diversity jurisdiction or federal question jurisdiction. See City of Chi. v. Int'l Coll. of Surgeons, 552 U.S. 156, 163 (1997); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Jordan v. Nationstar Mortg., LLC, 781 F.3d 1178, 1181 (9th Cir. 2015). Diversity jurisdiction grants original jurisdiction to a district court when there is both complete diversity of citizenship and an amount-in-controversy exceeding $75,000. See 28 U.S.C. § 1332(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and any doubts as to removability should be resolved in favor of remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).

## III.  DISCUSSION

This action was removed on the basis of diversity jurisdiction. There is no dispute that complete diversity exists between the parties. In the Motion to Remand, Plaintiff primarily argues that Defendant's removal of this action was untimely. However, because the Court finds that Defendant has failed to meet its burden in establishing that the amount in controversy is met, the Court grants Plaintiff's motion to remand without reaching the issue of the timeliness.

In the Notice of Removal, Defendant provides the following in alleging that the amount in controversy is met: (1) the Complaint alleges that Plaintiff "suffered damages in a sum in excess of $20,000.00" and (2) Plaintiff's Request for Exemption from Arbitration indicates that Plaintiff has incurred past medical expenses in the amount of $64,446.71.

When it is unclear or ambiguous from the face of a state court complaint whether the

requisite amount in controversy is pled, the removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)). The preponderance of the evidence standard requires the removing party to provide evidence establishing that it is more likely than not that the amount in controversy exceeds the jurisdictional threshold. See Sanchez, 102 F.3d at 404. Here, as the Complaint alleges an unspecified amount of damages in excess of $20,000, Defendant must show that the amount in controversy exceeds $75,000 by a preponderance of the evidence. In support of such a finding, Defendant cites to Plaintiff's Request for Exemption from Arbitration which states that Plaintiff has incurred past medical expenses in the amount of $64,446.71. However, this amount is still below the amount in controversy requirement of $75,000.

Defendant may be arguing that the Court should add the alleged $20,000 in the Complaint to the $64,446.71 in medical costs in order to reach an amount above $75,000. However, Defendant does not provide a sufficient legal basis for the Court to do so. A speculative argument as to the amount in controversy is insufficient. See Gaus, 980 F.2d at 567. The defendant bears the burden of "actually proving the facts to support jurisdiction, including the jurisdictional amount." Id. Defendant does not provide any additional evidence or specific facts in support of its claim that the amount in controversy is met.

Further, Defendant may be including the unspecific amount sought in the Complaint for attorneys' fees and other costs. However, Defendant provides no evidence to support a Court finding that the attorneys' fees would push the amount in controversy over the jurisdictional limit, such as estimated figures or likely billing times and rates. Therefore, although Defendant has alleged that there is a possibility that the amount in controversy in the instant action exceeds $75,000, it has not demonstrated this by a preponderance of the evidence. Plaintiff's motion to remand the action is therefore granted.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Plaintiff's Motion to Remand (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Sanctions (ECF No. 16) is **DENIED** as moot without prejudice, to be refiled in the Eighth Judicial District Court after remand is completed.

**DATED:** September 30, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**